IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Preston Bennett, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -vs- | ) | No. 18-cv- |
| | ) | |
| Thomas Dart, Sheriff of Cook | ) | (jury demand) |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff Preston Bennett, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133 and 29 U.S.C. §794a(a)(2).

2. Plaintiff Preston Bennett was processed into the Cook County Department of Corrections (CCDOC) on March 29, 2018 and assigned booking number 2018-0329123.

3. Defendant Thomas Dart is the Sheriff of Cook County. Under Illinois law, the Sheriff is responsible for prisoners remanded to his custody.

4. Defendant Cook County, in collaboration with the Sheriff, is responsible for accommodating the needs of disabled prisoners remanded

to the Sheriff of Cook County. Defendant Cook County is also a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5. Defendants Dart and Cook County have received federal financial assistance since at least 2014.

6. Plaintiff is substantially limited in the activity of moving from place to place because part of his right leg is missing.

7. Plaintiff requires accommodations to perform everyday life activities.

8. Plaintiff must have an ambulatory aid to move from place to plaintiff.

9. Plaintiff also requires special accommodations to shower and toilet because part of his right leg is missing.

10. Since intake at the CCDOC, plaintiff has primarily been housed in Division 10, Tier 2B.

11. Tier 2B in Division 10 has a communal shower. It does not have any grab bars in the shower area nor a fixed bench.

12. The ADA Structural Standards require a shower to have at least one grab bar.

13. Plaintiff is deprived the ability to shower on the same basis as non-disabled inmates because defendants do not provide him a fixed bench and grab bars in the shower area.

14. None of the cells in Division 10 have grab bars near the cell toilet.

15. Plaintiff is deprived the ability to toilet on the same basis as non-disabled inmates because he does not have grab bars near his cell toilet.

16. In addition, during plaintiff's incarceration at the CCDOC he has been required to move up and down steep and long ramps at the Leighton Courthouse.

17. Defendants are aware, as a result of the *Lacy v. Dart*, No. 14 C 6259 (Gettleman, J.), litigation, the Leighton ramps do not comply with the current ADA slope or landing requirements. *Lacy v. Dart*, 2015 WL 5921810, at *5 (N.D. Ill. 2015).

18. Due to the age of Leighton, defendants must provide a reasonable accommodation for inmates with substantial difficulty moving from place to place move up and down the Leighton ramps.

19. Defendant Sheriff maintains a yellow correctional grade wheelchair on the "bridge."

20. At all times relevant, defendant Cook County had the ability to require defendant Sheriff to provide a wheelchair for inmates to move up and down the Leighton ramps identified as having a substantial impairment moving from place to place.

21. At all times relevant, defendant Sheriff had the ability to push inmates, like plaintiff, up and down the Leighton Ramps in a correctional grade wheelchair.

22. Defendants never implemented any policy to provide an accommodation to inmates with a substantial difficulty moving from place to place – not prescribed a wheelchair by the CCDOC medical staff – to move up and down the Leighton ramps.

23. It is feasible for the Sheriff to push inmates who have a substantial difficulty moving from place to place – not prescribed a wheelchair by the CCDOC medical staff – to move up and down the Leighton ramps.

24. Navigating the Leighton ramps without a reasonable accommodation caused plaintiff pain and vulnerable to substantial risk of harm.

25. For the reasons above stated, defendants Dart and Cook County violated and continue to violate plaintiff's rights under the Americans with Disabilities Act and Rehabilitation Act.

26. At all relevant times, defendants Dart and Cook County have been and continue to be deliberately indifferent to plaintiff's rights under the Americans with Disabilities Act and Rehabilitation Act.

27. Plaintiff hereby requests trial by jury on his claim for damages.

It is therefore respectfully requested that the Court grant appropriate compensatory damages against all defendants and to fashion prospective relief. Plaintiff also requests that the Court grant whatsoever other relief as may be appropriate, including an award of attorney's fees and costs.

/s/ <u>Patrick W. Morrissey</u>
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
(773) 233-7900
patrickmorrissey1920@gmail.com

*Attorneys for Plaintiff*