IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Preston Bennett, individually and for a class | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| *-vs-* | ) ) | No. 18-cv-4268 |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) ) ) ) | Judge Blakey |
| *Defendants.* | ) | |

## AMENDED COMPLAINT

Plaintiff Preston Bennett, by counsel, and pursuant to Rule 15(a)(1)(A) alleges as follows:

1.     This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133 and 29 U.S.C. §794a(a)(2).

2.     Plaintiff Preston Bennett was processed into the Cook County Department of Corrections (CCDOC) on March 29, 2018 and assigned booking number 2018-0329123.

3.     Defendant Thomas Dart is the Sheriff of Cook County. Under Illinois law, the Sheriff is responsible for prisoners remanded to his custody.

4. Defendant Cook County, in collaboration with the Sheriff, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County. Defendant Cook County is also a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5. Defendants Dart and Cook County have received federal financial assistance since at least 2014.

6. Plaintiff is substantially limited in the activity of moving from place to place because part of his right leg is missing.

7. Plaintiff requires accommodations to perform everyday life activities.

8. Plaintiff must have an ambulatory aid to move from place to plaintiff.

9. Plaintiff also requires special accommodations to shower and toilet because part of his right leg is missing.

10. During the intake process, a medical provider employed by defendant Cook County determined that plaintiff requires crutches to move from place to place and caused an order to be entered in the Jail Management System (known as C-COMS) that plaintiff may use crutches.

11. The medical staff employed by Cook County prescribe canes, crutches, or walkers to detainees at the CCDOC based on a medical need.

-2-

12. Defendant Dart is able to identify all detainees prescribed a crutch, cane, or walker by review of C-COMS.

13. Defendants Dart and Cook County jointly assigned plaintiff to Division 10 at the CCDOC.

14. It is the policy of the Sheriff to designate Division 10 as an appropriate housing location for detainees in need of medical devices per doctors' prescriptions including canes, walkers, and crutches.

15. Over the past two years, more than 50 inmates prescribed canes, crutches, or walkers have been housed in Division 10.

16. Since intake at the CCDOC, plaintiff has primarily been housed in Division 10, Tier 2B.

17. Tier 2B in Division 10 has a communal shower. It does not have any grab bars in the shower area nor a fixed bench.

18. The ADA Structural Standards require a shower to have at least one grab bar.

19. Plaintiff is deprived the ability to shower on the same basis as non-disabled inmates because defendants do not provide him a fixed bench and grab bars in the shower area.

20. None of the cells in Division 10 have grab bars near the cell toilet.

21.   The ADA Structural Standards require an accessible toilet to have at least one grab bar near the toilet.

22.   Plaintiff is deprived the ability to toilet on the same basis as non-disabled inmates because he does not have grab bars near his cell toilet.

23.   The above described policy to assign inmates prescribed a cane, crutch, or walker to Division 10 deprives inmates access to accommodations required by the ADA and Rehabilitation Act.

24.   There is no adequate remedy for the refusal of the Sheriff and Cook County to accommodate inmates prescribed a cane, crutch, or walker housed in Division 10.

25.   Plaintiff, who continues to be subjected to the above described policy, brings this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure to obtain prospective injunctive relief for all inmates housed in Division 10 at the CCDOC with a substantial impairment moving from place to place prescribed a cane, crutch, or walker by the medical staff.

26.  Plaintiff also seeks damages individually and for all others similarly situated and requests that the Court allow this case to proceed as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, for all inmates housed in Division 10 at the CCDOC after June

27, 2016 who were prescribed ambulatory aids including a walker, crutch, or cane.

27. In addition, during plaintiff's incarceration at the CCDOC he has been required to move up and down steep and long ramps at the Leighton Courthouse.

28. Defendants are aware, as a result of the *Lacy v. Dart*, No. 14 C 6259 (Gettleman, J.), litigation, the Leighton ramps do not comply with the current ADA slope or landing requirements. *Lacy v. Dart*, 2015 WL 5921810, at *5 (N.D. Ill. 2015).

29. Due to the age of Leighton, defendants must provide a reasonable accommodation for inmates with substantial difficulty moving from place to place move up and down the Leighton ramps.

30. Defendant Sheriff maintains a yellow correctional grade wheelchair on the "bridge."

31. At all times relevant, defendant Cook County had the ability to require defendant Sheriff to provide a wheelchair for inmates to move up and down the Leighton ramps identified as having a substantial impairment moving from place to place.

32. At all times relevant, defendant Sheriff had the ability to push inmates, like plaintiff, up and down the Leighton Ramps in a correctional grade wheelchair.

33. Defendants never implemented any policy to provide an accommodation to inmates with a substantial difficulty moving from place to place – not prescribed a wheelchair by the CCDOC medical staff – to move up and down the Leighton ramps.

34. It is feasible for the Sheriff to push inmates who have a substantial difficulty moving from place to place – not prescribed a wheelchair by the CCDOC medical staff – to move up and down the Leighton ramps.

35. Navigating the Leighton ramps without a reasonable accommodation caused plaintiff pain and vulnerable to substantial risk of harm.

36. Plaintiff was deprived the ability to move to court on an equal basis as non-disabled persons when defendants required him to move up and down the Leighton ramps without an accommodation.

37. For the reasons above stated, defendants Dart and Cook County violated and continue to violate plaintiff's rights under the Americans with Disabilities Act and Rehabilitation Act.

38. At all relevant times, defendants Dart and Cook County have been and continue to be deliberately indifferent to plaintiff's rights under the Americans with Disabilities Act and Rehabilitation Act.

39. Plaintiff hereby requests trial by jury on his claim for damages.

-6-

It is therefore respectfully requested that appropriate injunctive relief be granted for the class of persons presently confined at the CCDOC prescribed a walker, cane, or crutch assigned to Division 10, and that appropriate damages be awarded to plaintiff and each member of the putative class. Plaintiff also requests that the Court grant whatsoever other relief as may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
(773) 233-7900
patrickmorrissey1920@gmail.com

*Attorneys for Plaintiff*