IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Preston Bennett, individually and for a class, | ) ) ) | |
| *Plaintiff,* | ) ) | |
| -*vs*- | ) ) | 18-cv-4268 |
| | ) ) | Judge Blakey |
| Thomas Dart, Sheriff of Cook County, et al., | ) ) ) ) | |
| *Defendants.* | ) | |

# PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff Preston Bennett, by counsel, moves for sanctions pursuant to Rule 37(a) of the Federal Rules of Civil Procedure against defendant Sheriff for the refusal of his ADA Compliance Officer to answer questions in a deposition.

Grounds for this motion are as follows:

1. Plaintiff Preston Bennett is missing part of his leg. While detained at the Cook County Jail, Bennett alleges Dart and Cook County violated his rights under the Americans with Disabilities Act (ADA) because he was not provided an accommodation to shower and toilet on the same basis as non-disabled inmates. Plaintiff brings this case on behalf of all similarly situated disabled inmates assigned to Division 10 who do not have accommodations to shower and toilet.

2. Bennett alleges his Division 10 living unit did not provide a necessary accommodation to shower and toilet. One allegation and the defendants' answer is reproduced below:

-1-

> 17. Tier 2B in Division 10 has a communal shower. It does not have any grab bars in the shower area nor a fixed bench.
>
> **Answer**: Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations alleged in Paragraph 17.

ECF No. 10, Answer to Amended Complaint ¶ 17.

3. Defendant produced Sabrina Rivero-Canchola, the Sheriff's ADA Compliance Officer, for a deposition on April 2, 2019.

4. Counsel for the Sheriff instructed Ms. Rivero-Canchola to invoke the deliberative process privilege when questioned about the current state of grab bars and fixed benches in Division 10. This privilege was invoked in response to the following questions:

| Q | All right, so you're not going to answer - - to clarify this, you're not going to answer whether there are any fixed benches in any communal shower areas in Division 10? |
|---|---|
| A. | I'm going to take the advice of my counsel, who is asserting the privilege. |
| Q. | Presently, are there any grab bars near any Division 10 communal shower area? |
| A. | Asked and answered, privileged. |
| Q. | And the privilege, Ms. Rivero-Canchola? |
| A. | It is the same one that counsel has been asserting since 11:00 a.m. this morning. |
| Mr. Morrissey: | And Counsel, can you tell me the privilege? |
| Mr. Pestine: | Oh my goodness, Pat. |
| Mr. Morrissey: | I want to avoid - - |
| Mr. Pestine: | Deliberative process is the privilege that we have asserted this entire time. |

Exhibit 1, Portion of Sabrina Rivero-Canchola Dep 20:5-10, 20:15-21:2.

5. The existence of grab bars in Division 10 is factual. Whether Division 10 has any fixed shower benches is also a purely factual question.

6. Counsel for defendant had no basis to instruct Ms. Rivero-Canchola to invoke the deliberative process privilege and refuse to answer questions narrowly tailored to a central issue in this case.

7. The deliberative process privilege "serves to protect the quality of the flow of ideas within a government agency." *United States v. Bd. of Educ. Of the City of Chicago*, 610 F. Supp. 695, 697 (N.D. Ill. 1985); *accord United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) ("Since frank discussions of legal and policy matters is essential to the decisionmaking process of a government agency, communications made prior to and as part of an agency determination are protected from disclosure.").

8. The deliberative process privilege applies if the information is both "'predecisional' - generated before the adoption of an agency policy - and 'deliberative' – reflecting the give and take of the consultative process." *Holmes v. Hernandez*, 221 F.Supp.3d 1011, 1016 (N.D. Ill. 2016) (*quoting Cont'l Ill. Nat'l Bank & Trust Co. of Chi. v. Indem. Ins. Co. of N. Am.*, 1989 WL 135203, at *2 (N.D. Ill. Nov. 1, 1989)); *see also Patrick v. City of Chicago*, 111 F.Supp.3d 909, 915 (N.D. Ill. 2015). This means that the privilege does not extend to "factual or objective material," or to information that "an agency adopts . . . as its position on an issue." *Id.* (quoting *Cont'l Ill.,* 1989 WL 135205, at *2); *accord Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 374 (7th Cir. 2004). Neither does the privilege extend to "[c]ommunications made subsequent to an agency decision …" *Holmes*, 221 F.Supp.3d at 1016 (quoting *Farley*, 11 F.3d at 1389). Courts have said, however, that although the deliberative process privilege "does not

justify the withholding of purely factual material, or of documents reflecting an agency's final policy decisions . . . it does apply to predecisional policy discussions, and to factual matters inextricably intertwined with such discussions." *Patrick*, 111 F. Supp. 3d at 915, *citing Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 374-75 (7th Cir. 2004) (discussing the application of the deliberative process exemption under the Freedom of Information Act).

9. Counsel and Ms. Rievero-Canchola, a licensed attorney, improperly applied the deliberative process privilege. In accordance with Rule 37(a)(3)(B)(i), plaintiff requests that the Court order Ms. Rivero-Canchola to answer questions relating to grab bars and fixed benches in Division 10 and all reasonable follow up questions.

10. In addition, plaintiff requests that the Court order defendant Sheriff and/or defense counsel to pay reasonable attorney's fees and expenses associated with brining this motion in accordance with Rule 37(a)(5)(A).

11. During the course of the deposition, plaintiff's counsel had at least two conversations off the record with defense counsel requesting counsel to reconsider the application of the deliberative process privilege. Defense counsel refused to reevaluate the use of the privilege and insisted that this Court had determined this information is privileged.[1] Defense counsel's understanding of a prior decision by the Court is flawed.

---

[1] The Court previously held a "Bricks and Mortar Priorities" document and several e-mails relating to this document are privileged. ECF No. 45, Minute entry. Defendants represented this material was prepared in anticipation of litigation and therefore should be privileged. ECF No. 29, Defendants' Response to Motion to Compel at 2-3.

-4-

12. Although the Court determined some documents prepared in anticipation of litigation are privileged, defendant had no basis to assert the deliberative process privilege in response to factual questions seeking to understand whether Division 10 has bathrooms with structural elements required of an ADA compliant bathroom.

13. Defendant's conduct was not substantially justified and other circumstances do not make an award of expenses unjust.

14. Accordingly, plaintiff seeks attorney's fees and costs associated with the preparation and presentment of this motion.

It is therefore respectfully requested that the Court grant plaintiff's motion for sanctions in accordance with Rule 37 of the Federal Rule of Civil Procedure and order: (1) defendant Sheriff to reproduced Ms. Rivero-Canchola for a deposition expeditiously to answer questions relating to the current state of grab bars and fixed shower benches in Division 10 and all reasonable follow up questions, and (2) require either the Sheriff and/or defense counsel to pay reasonable attorney's fees and costs associated with this motion.

                        Respectfully submitted,

/s/    Patrick Morrissey
       Thomas G. Morrissey, Ltd.
       10150 S. Western Ave.
       Chicago, IL. 60643
       (773) 233-7900
       patrickmorrissey1920@gmail.com
       *Attorney for Plaintiff*

## LOCAL RULE 37 CERTIFICATION

Under penalty of perjury, the undersigned attorney states as follows:

1.    On April 3, 2019, an attorney for the defendants, Zachary Pestine, and plaintiff's counsel Thomas Morrissey and Patrick Morrissey had a face to face discussion regarding Ms. Rivero-Canchola's application of the deliberative process privilege at the Law Offices of Thomas G. Morrissey, Ltd.

2.    Plaintiff requested defendant to reproduce Ms. Rivero-Canchola in this case to ask questions regarding grab bars and fixed shower benches in Division 10 along with all reasonable follow up questions. Mr. Pestine would not agree to reproduce Ms. Rivero-Canchola for a deposition in this case but suggested other witnesses under the control of defense counsel may be able to answer questions regarding grab bars and fixed shower benches in Division 10. Defense counsel also suggested plaintiff may be able to seek this type of information by propounding a request to admit.

3.    After a good faith consultation, the parties are unable to reach an accord.

                              /s/    <u>Patrick W. Morrissey</u>