IN THE UNITED STATES DISRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRESTON BENNETT, individually and for a class, | ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) ) | No. 18-cv-4268 |
| THOMAS DART, SHERIFF OF COOK COUNTY, AND COOK COUNTY, ILLINOIS, | ) ) ) ) | Honorable Judge John Robert Blakey |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION**

Defendants THOMAS DART, SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS, by and through their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Special Assistant State's Attorneys, Brian P. Gainer, Monica Gutowski, Lisa M. McElroy, Jack E. Bentley, Zachary A. Pestine, and Michael R. Sherer, in Response to Plaintiffs' Motion for Class Certification, state as follows:

**INTRODUCTION**

This is a case about showering and toileting accommodations available for inmates in Division 10 of the Cook County Department of Corrections ("CCDOC") and whether Plaintiff Preston Bennett ("Plaintiff") was given those accommodations. Plaintiff filed this action pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12132 and Section 504 of the Rehabilitation Act, 29 U.S.C. §794, alleging, *inter alia*, violations of Plaintiff's rights protected by the ADA and the Rehabilitation Act in showering and toileting in Division 10 of CCDOC and in proceeding up the ramp at the Cook County Criminal Courthouse located at 2600 S. California Ave. in Chicago, Illinois. Dkt. 1. Plaintiff's Amended Complaint

1

specifically alleges that he was deprived of the ability to shower and toilet on the same basis as non-disabled inmates because he did not have a fixed bench or grab bars in the shower area of Division 10 and because he lacked grab bars near his cell toilet. Dkt. 6, ¶¶ 19, 22. Plaintiff filed a Motion for Class Certification ("Motion") on December 1, 2018. Dkt. 27.

Plaintiff's Motion seeks to certify a class of "All inmates housed in Division 10 at the Cook County Department of Corrections from June 27, 2016 to the date of entry of judgment, who were prescribed either a walker, crutch, or cane by the medical staff and were denied an accommodation for toileting and showering" under Federal Rule of Civil Procedure 23(b)(3). Dkt. 27, p. 1. Plaintiff fails to meet the rigorous standards of Rule 23, as he has not proven: 1) that the putative class is ascertainable, 2) numerosity, 3) commonality, 4) typicality, 5) that he fairly/adequately protects the interests of the putative class, 6) predominance, nor 7) superiority. Plaintiff's Motion should therefore be denied.

## **BACKGROUND**

Plaintiff was an inmate in Division 10 of CCDOC for roughly four months. Ex. 1, Bennett Dep. 82:11-19. A true and correct copy of the Deposition of Preston Bennett is attached hereto as Exhibit 1. During that time, Plaintiff filed grievances about everything from finding rocks in his salad, to unpleasant encounters with officers, to broken equipment, to perceived insufficient time to speak with his attorney, to expired toothpaste, to hope in attaining a prosthetic limb. Ex. 1, Bennett Dep. 51:7-15; 38:13-22; 43:2-5; 48:2-50:15; 52:1-53:2; 56:7-56:13. Although Plaintiff did not always immediately file grievances when he had issues at CCDOC, he testified that when he did have issues there, he would "speak to the police or medical staff, and if they couldn't resolve it, yes, I would file a grievance." Ex. 1, Bennett Dep.

69:17-24. Plaintiff would generally appeal his grievances if he was unsatisfied with the responding officers' responses. See Bennett Dep., generally.

Plaintiff was given a shower chair to accommodate him in showering and toileting, and officers would give Plaintiff the shower chair when he requested it. Ex. 1, Bennett Dep. 16:15-17:12; 81:20-85:16; Ex. 2, Rivero-Canchola Affidavit ¶¶ 4-6. A true and correct copy of the Affidavit of Sabrina Rivero-Canchola is attached hereto as Exhibit 2. Officers familiar with Plaintiff would often get him a shower chair as soon as they saw him, without Plaintiff even having to ask. Ex. 1, Bennett Dep. 84:12-85:16. Although Plaintiff filed general grievances about housing, he never filed a grievance about grab bars in his cell or the showers, nor fixed benches in the showers, nor showering or toileting in general. Ex. 1, Bennett Dep. 70:2-72:6, and see Bennet Dep., generally. At one point, Plaintiff did file a grievance about a broken shower chair, but once the chair was replaced, Plaintiff never filed a grievance about difficulty using that shower chair or difficulty showering or toileting. Ex. 1, Bennett Dep. 70:24-72:6. When asked about issues with the shower chair, Plaintiff merely stated that it had wheels. Ex. 1, Bennett Dep. 46:2-5. But when asked why he did not file a grievance about the wheels, as he had for expired toothpaste, Plaintiff stated "I didn't think about it, I guess." Ex. 1, Bennett Dep. 46:6-13.

In one of Plaintiff's grievances, he complained about his housing in general. Ex. 1, Bennett Dep. 33:10-14. The responding officer, Ms. Sabrina Rivero-Canchola, the ADA Compliance Officer for CCDOC, responded "I spoke with Mr. Bennett on 5/11/18. His only complaint was shoulder pain and difficulty walking long distances on crutches. Both have been addressed by medical. Mr. Bennett stated he has no difficulty eating, showering, toileting, or ambulating on the tier." Ex. 1, Bennett Dep. 33:15-34:3. Plaintiff appealed, stating "I was never advised of my ADA housing rights." Ex. 1, Bennett Dep. 34:11-13. Plaintiff now states that he

never said those things to Ms. Rivero-Canchola, but in his appeal, Plaintiff did not dispute that conversation, which he acknowledged but could not explain. Ex. 1, Bennett Dep. 34:4-10. Ms. Rivero-Canchola testified under oath that Plaintiff affirmatively stated to her that he had no difficulty showering or toileting in Division 10. Ex. 2, Rivero-Canchola Affidavit ¶ 11. Plaintiff never asked for assistance in showering or toileting. Ex. 1, Bennett Dep. 81:14-19.

## LEGAL STANDARD

To maintain a class action suit, "class definitions must be definite enough that the class can be ascertained." *Douglas v. Western Union Co.*, 328 F.R.D. 204, 211 (N.D. Ill. 2018). Even if a class can be ascertained, the proponent must affirmatively demonstrate compliance with Rule 23. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Rule 23 does not "set forth a mere pleading standard. Rather, a party must not only be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a). The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b*)*." *Comcast Corp. v. Behrend*, 569 U.S. at 33. "Failure to meet any one of the requirements of Rule 23 precludes certification of a class." *Douglas v. Western Union Co.*, 328 F.R.D. at 211.

Trial courts analyze the facts underlying the pleadings before certifying a class action. *Comcast Corp.* at 33. Class certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied. Such an analysis will frequently entail overlap with the merits of the plaintiff's underlying claim… because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id*. at 33-34. *See Magpayo v. Advocate Health & Hospitals Corp.*, No. 16-cv-01176, 2018 U.S. Dist. LEXIS 26282, at *7-8 (N.D. Ill. Feb. 20,

2018) ("Although certifying a class is not a dress rehearsal for the trial on the merits, Plaintiff must demonstrate by a preponderance of the evidence that her proposed class satisfies each of Rule 23's requirements. Thus, the 'rigorous analysis' involved in certifying a class often overlaps with the merits of the underlying claim. For the purposes of certifying a class, this Court does not presume the truth of all well-pleaded allegations. Instead, it can look 'beneath the surface' of the second amended complaint to conduct the inquiries that Rule 23 requires… Ultimately, Rule 23 tasks this Court with making 'whatever factual and legal inquiries are necessary' to determine if a class should be certified, even if those inquiries involve difficult questions related to the case's merits.")

Even if a plaintiff passes the rigorous Rule 23(a) analysis, the plaintiff must still prove that it satisfies one of the Rule 23(b) provisions. In the instant case, Plaintiff seeks damages from Sheriff Dart and Cook County for himself and putative class members under Rule 23(b)(3) class certification. Courts certify 23(b)(3) classes only if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Relevant factors include: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id*.

## ARGUMENT

Plaintiff fails to carry his burden of proving compliance with Rule 23. The allegations in Plaintiff's Motion would not even be sufficient to meet the federal pleading standard, as Plaintiff

merely attaches case law citations to conclusory facts to point to some amorphous class. Plaintiff does not identify a challenged policy, but rather only alleges that he and (potentially) other inmates were denied an accommodation. If Plaintiff's Motion could not satisfy a notice pleading standard, it cannot meet the heightened Rule 23 standard, which requires actual proof to satisfy Rule 23(a) and 23(b)(3). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Plaintiff has not given this Court that proof, and thus has left the Court bereft of anything to analyze.

## I. PLAINTIFF FAILS TO PROVE THAT THE PUTATIVE CLASS IS ASCERTAINABLE

Plaintiff fails to prove the threshold matter that his class is ascertainable. "While the class does not have to be so ascertainable that every potential member can be specifically identified at the commencement of the action, the description of the class must be sufficiently definite so that it is administratively feasible for the court to ascertain whether a particular individual is a member." *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 475-76 (N.D. Ill. 2009). "[C]lasses that are defined too vaguely fail to satisfy the 'clear definition' component… To avoid vagueness, class definitions generally need to identify a particular group, harmed during a particular time frame, in a particular location, in a particular way." *Mullins v. Direct Digital,* LLC, 795 F.3d 654, 659-60 (7th Cir. 2015).

Plaintiff proposes the following class: "All inmates housed in Division 10 at the Cook County Department of Corrections from June 27, 2016 to the date of entry of judgment, who were prescribed either a walker, crutch, or cane by the medical staff and were denied an accommodation for toileting and showering." Dkt. 27, p. 1. However, Plaintiff's proposed class is too vague to pass class certification muster because it is unclear as to the particular way that class members were harmed. Specifically, it is not clear what Plaintiff means by being "denied an accommodation, as Plaintiff himself equivocated on the meaning of "denied." Although

Plaintiff alleged he was denied the shower chair that he used as an accommodation, when he elaborated, it was clear he meant that the available chairs were already in use, and he would occasionally wait a short period of time for an available chair. Ex. 1, Bennett Dep. 81:20-85:16. When Plaintiff had to wait for a chair at all, the wait time was often three to five minutes, although on occasion, Plaintiff waited for a new shift. Ex. 1, Bennett Dep. 84:19-85:16. It is clear that Plaintiff was not denied an accommodation in the sense that he requested an accommodation, and his request was rejected. Rather, in the approximately four months that Plaintiff was in Division 10, he occasionally waited a short time for an accommodation.

## II. PLAINTIFF'S CLASS FAILS UNDER RULE 23(a)

### A. Plaintiff Admits He Failed to Prove Numerosity

Under Rule 23(a)(1), Plaintiff must prove numerosity. "A plaintiff need not plead or prove the exact number of class members to establish numerosity under Rule 23(a)(1), and the court is entitled to make common sense assumptions in order to support a finding of numerosity. However, the party supporting the class cannot rely on mere speculation or conclusory allegations as to the size of the putative class ... for numerosity purposes." *Wooley v. Jackson Hewitt, Inc.*, No. 07 C 2201, 2011 U.S. Dist. LEXIS 44315, at *17-18 (N.D. Ill. Apr. 25, 2011). Yet in his Motion, Plaintiff admits that he fails to prove numerosity. Plaintiff merely alleges that there is some list that Defendants produced which names people that Plaintiff may include in his class and then concludes that the unidentified list proves numerosity. Dkt. 27, pp. 6-7. Admitting his failure to prove numerosity, Plaintiff states that "In the event defendants challenge numerosity, plaintiff will file this list in his reply brief." Dkt. 27, p. 6. Plaintiff does not even state who is on this list or why they would be class members, but only makes the conclusory claim that this un-exhibited and unidentified list has putative class members that establish

7

numerosity. Thus, Plaintiff not only failed to prove that he was denied an accommodation, but he failed to prove that anyone else was denied an accommodation. Plaintiff therefore fails to prove numerosity under Rule 23(a)(1).

### B. Plaintiff's Putative Class Lacks Commonality

The Supreme Court ruled that for the Rule 23(a)(2) commonality requirement, a plaintiff must demonstrate that "the class members have suffered the same injury. This does not mean merely that they have all suffered a violation of the same provision of law…Their claims must depend upon a common contention… which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011). Plaintiff bases his commonality theory on the allegation that he and "the putative class share a common physical impairment, as they are all prescribed auxiliary aids due to impairment moving from place to place [and that] they face common physical barriers when they confront the showers and toilets." Dkt. 27, p. 7.

Plaintiff's theory is misguided. It is not only false that all people prescribed canes, crutches, and walkers have the same physical impairment, but it is also false that all people who use canes have the same physical impairment, and all people who use crutches have the same physical impairment, and all people who use walkers have the same physical impairment. Plaintiff himself admitted to the absurdity of a contrary allegation. Ex. 1, Bennett Dep. 77:11-13.

Moreover, the question is not whether the putative class had the same physical impairment or used the same showers or toilets, but whether the class members were all denied the same accommodation. As stated, Plaintiff himself admits that he was not denied that accommodation. Plaintiff was in Division 10 for approximately four months, and in that time he was never denied an accommodation upon requesting it. Ex. 1, Bennett Dep. 16:15-17:12; 81:20-

8

85:16. Plaintiff not only affirmatively stated that he had no difficulty showering or toileting in Division 10, but he also did not know anyone who did have difficulty showering or toileting. Ex. 1, Bennett Dep. 79:23-80:6; Ex. 2, Rivero-Canchola Affidavit, ¶ 11.

Plaintiff has also not demonstrated that everyone in the putative class even needed an accommodation. While Plaintiff may have needed the accommodation that he received, Plaintiff has put forth no evidence that everyone in Division 10 who at any time uses canes, crutches, or walkers actually requires an accommodation for showering or toileting. Because the accommodation is requested on an individual basis, the truth or falsity of the putative class members' claims cannot be resolved in one stroke. And because, as Plaintiff admitted, people who use canes, crutches, and walkers all have different injuries, Plaintiff's failure to put forth any evidence that all of these people require the same accommodation and were denied that accommodation is fatal to Plaintiff's Motion.

### C. Plaintiff's Putative Class Lacks Typicality

Plaintiff fails to meet the Rule 23(a)(3) typicality requirement. Rule 23(a)(3) requires that class representatives possess "claims or defenses that are typical of the claims or defenses of the class as a whole… colorable defenses unique to the named representative, or to a small subset of the plaintiff class, may render the claims sufficiently atypical of one another so as to destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiffs' representation." *Ries v. Humana Health Plan*, No. 94 C 6180, 1997 U.S. Dist. LEXIS 4035, at *19-20 (N.D. Ill. Mar. 31, 1997). Because the "commonality and typicality requirements of Rule 23(a) tend to merge," Defendants will not repeat the above reasons why Plaintiff fails to prove commonality. *Mednick v. Precor, Inc.*, 320 F.R.D. 140, 153 (N.D. Ill. 2017).

There are obvious defenses Defendants raise to Plaintiff (and perhaps to some members of the putative class) that may prove atypical to the class as a whole.[1] First, as stated, Plaintiff was never denied an accommodation upon request in the sense that his request was rejected. While he occasionally had to wait a short time for the accommodation, he was never told he could not have it when it was available. Ex. 1, Bennett Dep. 81:20-85:16. If Plaintiff's putative class can prove that their requests for the accommodation were actually denied, then the defenses to their claims and to Plaintiff's claims will be distinct.

Second, illustrating that Plaintiff was never denied an accommodation, he never filed a grievance for having difficulty toileting or showering. Although Plaintiff filed a grievance about a broken shower chair, which was replaced, he never filed a grievance about using the working shower chairs. Ex. 1, Bennett Dep. 70:2-72:6. Plaintiff therefore failed to exhaust his remedies, jeopardizing his claims at the summary judgment stage. *See Lewis v. Dart*, No. 17 C 4181, 2018 U.S. Dist. LEXIS 128222, at *12-13 (N.D. Ill. July 31, 2018) ("All signs—the text of the grievance form, logic, and the goals of the exhaustion requirement—point toward Lewis's failure to exhaust the claim that the Jail should have provided assistance when he used crutches on the ramps. Summary judgment is granted as to that claim.") If Plaintiff's putative class members did file grievances about difficulty showering and toileting, then the defenses to their claims and to Plaintiff's claims will also be distinct.

Third, not only does the record demonstrate that Plaintiff had no issue using non-broken shower chairs as an accommodation, but also that the officers in Division 10 who knew Plaintiff retrieved the chair for him upon seeing him, without Plaintiff even having to ask. Ex. 1, Bennett Dep. 84:12-85:16. This is significant because under the ADA and the Rehabilitation Act, the

---

[1] Defendants say "may prove atypical" instead of "will prove atypical" because Plaintiff has not put forth any evidence of who is in the putative class and whether they were actually denied an accommodation.

statutes through which Plaintiff brings his claims, Plaintiff must prove that Defendants were deliberately indifferent. *Reed v. Illinois*, 119 F. Supp. 3d 879, 885 (N.D. Ill. 2015) ("Deliberate indifference, in this context, requires both (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood… Thus, to satisfy the deliberate indifference standard, plaintiff must allege that the State knew her pursuit of the probate claims would likely be hindered unless it appointed a lawyer to represent her or provided her with someone to assist her in communicating, but refused to do so.")

Plaintiff's own admissions show that Defendants were anything but deliberately indifferent. Although Plaintiff has put forth no evidence that Defendants were deliberately indifferent to the rights of other members of the putative class, the fact that Defendants would retrieve the shower chair for Plaintiff upon sight may raise defenses unique to him. If the abovementioned defenses are not unique to Plaintiff or a small subset of Plaintiff's putative class, but do generally apply to the putative class, then very few members of the putative class, if any, can succeed on the merits of their claims. Therefore, the lack of typicality between Plaintiff and his putative class members is fatal to his Motion.

### D. Plaintiff is Not an Adequate Class Representative

"As with commonality and typicality, typicality and adequacy of representation tend to merge." *Simpson v. Safeguard Properties, LLC*, No. 13 CV 2453, 2014 U.S. Dist. LEXIS 130659, at *13 (N.D. Ill. Sep. 17, 2014). "A representative might be inadequate if he is subject to a substantial defense unique to him." *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1027 (7th Cir. 2018). Plaintiff is not an adequate class representative for the reasons stated in Defendants' above commonality and typicality sections.

11

## III. PLAINTIFF'S CLASS FAILS UNDER RULE 23(b)(3)

### A. Plaintiff Has Not Proven Predominance

Under Rule 23(b)(3), Plaintiff must show that "questions of law or fact common to the class members predominate over any questions affecting only individual members. Having identified questions of law or fact common to the class members, the Court here looks to see if there are questions affecting only individual members that would overwhelm issues common to the class." *Mednick v. Precor, Inc.*, 320 F.R.D. 140, 155 (N.D. Ill. 2017). The predominance requirement of Rule 23(b)(3) tests "whether the proposed class is sufficiently cohesive to warrant adjudication by representation. The predominance requirement, although similar to questions of commonality and typicality, is more demanding than either of those Rule 23(a)(2) requirements… If individual issues predominate… a class action is not a superior method for adjudication, and certification should be denied." *Beley v. City of Chicago*, No. 12 C 9714, 2015 U.S. Dist. LEXIS 163919, at *15-16 (N.D. Ill. Dec. 7, 2015).

Predominance inquires into the legal or factual questions that "qualify each class member's case as a genuine controversy… class actions certified under Rule 23(b)(3) are meant to cover cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Dolmage v. Combined Insurance Co. of America*, No. 14 C 3809, 2017 U.S. Dist. LEXIS 67555, at *30-31 (N.D. Ill. May 3, 2017).

In his Motion, Plaintiff states that "it is important not to let a quest for perfect evidence become the enemy of good evidence," which is ironic because Plaintiff has not offered any evidence at all that he and his nebulous putative class are similarly situated. Dkt. 27, p. 12. Plaintiff thus fails to meet his burden to "satisfy through evidentiary proof at least one of the

provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 569 U.S. at 33. Moreover, even if Plaintiff had offered evidence that some putative class members were denied the available accommodation, Plaintiff's own admissions render such a denial a fact issue to be determined on a case-by-case basis.

There is no genuine controversy that Plaintiff received an accommodation upon request (and often prior to a request) or that he ever filed a grievance about being denied an accommodation. If there are indeed putative class members that were denied an accommodation, which Plaintiff has not demonstrated, the ominous results of Plaintiff's case will be undesirable for his indefinite putative class. If Plaintiff cannot prove commonality or typicality, then *a fortiori*, he cannot prove predominance under Rule 23(b)(3), analysis of which is even more demanding. Plaintiff's Motion therefore fails not only for lack of predominance, but also for lack of any evidence of such predominance.

### B. Plaintiff Has Not Proven Superiority

Finally, there is no support for the argument that a class action is a superior method for adjudicating the putative class members' claims. As set forth above, the individual issues of proof of denial and the individual factual issues to establish a claim under the ADA will be different for each putative class member and different as to the particular CCDOC officer with whom each member interacted. Each potential plaintiff is fully capable of preparing his own grievances, exhausting his own administrative remedies, and filing his own lawsuit.

### CONCLUSION

WHEREFORE, for all of the reasons set forth above, Defendants THOMAS DART, SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS respectfully request that this

Honorable Court deny Plaintiff's Motion for Class Certification and grant Defendants any other relief this Court deems equitable and just.

        Respectfully submitted,

        KIMBERLY M. FOXX
        State's Attorney of Cook County

        */s/ Zachary A. Pestine*
        Special Assistant State's Attorney

Brian P. Gainer (gainerb@jbltd.com)
Monica Gutowski (gutowskim@jbltd.com)
Jack E. Bentley (bentleyj@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Zachary A. Pestine (pestinez@jbltd.com)
Michael R. Sherer (shererm@jbltd.com)
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Tel: (312) 372-0770
Fax: (312) 372-9818

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that I caused to be served Defendants' Response to Plaintiffs' Motion for Class Certification on April 16, 2019, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                            */s/ Zachary A. Pestine*
                                                            One of the Special Assistant State's Attorneys
                                                             for Defendants

Brian P. Gainer (gainerb@jbltd.com)
Monica Gutowski (gutowskim@jbltd.com)
Jack E. Bentley (bentleyj@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Zachary A. Pestine (pestinez@jbltd.com)
Michael R. Sherer (shererm@jbltd.com)
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Tel: (312) 372-0770
Fax: (312) 372-9818