IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Preston Bennett, | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | 18-cv-4268 |
| *-vs-* | ) | |
| | ) | Judge Blakey |
| Thomas Dart, Sheriff of Cook | ) | |
| County, et al., | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

# PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

Plaintiff, by counsel, moves the Court to order that this case may proceed as a class action under Rule 23(b)(3) for:

All inmates assigned to Division 10 at the Cook County Department of Corrections from June 27, 2016 to the date of entry of judgment, prescribed a cane, crutch, or walker by a jail medical provider.

Grounds for this motion are as follows:

## I. The Challenged Policy

The Rehabilitation Act (Rehab Act) prohibits a "qualified individual with a disability" from being "excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance" as a result of his disability. 29 U.S.C. § 794(a).The Seventh Circuit recently explained "[p]erhaps the most obvious examples of such discrimination is when structural barriers

prevent people with disabilities from accessing otherwise available public services." *Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018).

The Rehabilitation Act's implementing regulations adopt the Uniform Federal Accessibility Standards (UFAS), 28 C.F.R. § 42.522(b), found in 41 C.F.R. subpart 101-19.6. Section 42.522(b) provides that, "[e]ffective as of March 7, 1988, . . . construction[] or alteration of buildings" shall comply with the UFAS.[1] UFAS requires an accessible toilet to have grab bars mounted near the toilet. UFAS § 4.17.6; *Flora v. Dart*, 2017 WL 2152392, at *4 (N.D.Ill. 2017) (Kennelly, J.) (vacated by agreement of the parties). UFAS also requires an accessible shower to have a mounted seat. UFAS § 4.21; *Flora*, 2017 WL 2152392, at *4.

Division 10 "occupies a four-story building, which was constructed in 1992."[2] ECF No. 27 at 56, Exhibit 1, Cook County Staffing Analysis August 2014 at 42. Sometime after 2008, Division 10 was designated by the Sheriff to "accommodate[] detainees of all security level classifications and those with *physical disabilities*." *Id.* (emphasis supplied).

Division 10's shower facilities do not have grab bars or a fixed bench. ECF No. 103, Memorandum Opinion and Order at 2. Neither the

---

[1] The UFAS is available at https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-aba-standards/ufas (last visited Oct. 17, 2019).

[2] There is evidence the Sheriff and County have received federal financial assistance. *See* ECF No. 10, Answer to Amended Complaint ¶ 5; Exhibit 1, Sheriff's Interrogatory Answers in *Johnson v. Dart*, 18-cv-4074 at ¶ 7; Exhibit 2, Cook County's Interrogatory Answers in *Johnson v. Dart*, 18-cv-4074 at ¶ 7.

cells nor the "dayroom" bathrooms in Division 10 have grab bars near the toilet. ECF No. 27 at 139, Exhibit 2, Rivero-Canchola Dep at 58:2-16; ECF No. 103, Memorandum Opinion and Order at 3. A photograph of a typical shower facility and cell toilet is shown below:



ECF No. 99-1, Statement of Sheila Vaughan ¶¶ 4-5.

Bennett was processed into the jail on March 29, 2018. During intake a medical provider documented Bennett ambulates with crutches. ECF No. 27 at 178-181, Exhibit 4, Intake Medical Record dated 3/29/2018 by PA Taiwo. Based on this medical exam, alerts were entered into the Jail Management System (also known as C-COMS), that allowed Bennett to use crutches and a lower bunk. ECF No. 27 at 182, Exhibit 5, C-COMS Alerts.

After the intake process, Bennett was assigned to Division 10 where he remained until his release from jail on July 23, 2018. ECF No. 27 at 183, Exhibit 6, Bed Assignment Associated View. Bennett alleges he was deprived the ability to toilet on the same basis as similarly situated non-

disabled inmates because his various cell assignments did not have any grab bars near the toilet. He also alleges that he was deprived the ability to shower on the same basis as non-disabled inmates because there were no grab bars or fixed benches in the designated shower areas.[3]

Bennett contends the Sheriff and County violated his rights under the Rehabilitation Act by depriving access to toilets and showers that comply with the UFAS structural elements. Plaintiff and the putative class seek damages for the alleged wrongdoing.

## II.   The Class Is Ascertainable

Rule 23, as applied by the Seventh Circuit, requires "that a class must be defined clearly and that membership be defined by objective criteria rather than by, for example, a class member's state of mind." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015).

Cermak Health Services Policy A-08 states the medical staff is responsible for identifying "physically disabled" inmates and to communicate "significant health needs" of various inmates to correctional staff. ECF No. 27 at 189, Exhibit 8, Cermak Policy #A-08 at 1. Certain alerts include: "Cane/Cane LDO (Long Distance Only)," "Crutches/Crutches LDO (Long Distance Only)," or "Walker/LDO (Long Distance Only)." ECF No. 27 at 192-195, Exhibit 8 at 4-7.

---

[3] Bennett fell while using the Division 10 shower chair on June 16, 2018. He was treated by RN Ashley Bloodworth on June 18, 2018 for injuries arising from this incident. ECF No. 27 at 184-188, Exhibit 7, RN Bloodworth Record dated 6/18/2018.

Sabrina Rivero-Canchola testified the Jail Management System (sometimes called C-COMS) is used to identify inmates prescribed a cane, crutch, or walker. ECF No. 27 at 170, Exhibit 2, Rivero-Canchola Dep 182:2-7.

Records indentifying members of the putative class "provide an extremely clear and objective criterion for ascertaining the class." *Lacy v. Cook County*, 897 F.3d 847, fn. 36 (7th Cir. July 30, 2018). Plaintiff shows below that the proposed class satisfies each of the requirements of Rule 23(a) and should be maintained as a class action under Rule 23(b)(3).

## III.   The Proposed Class Satisfies Rule 23(a), and (b)(3)

A party seeking to maintain a case as a class action must show that the proposed class satisfies each of the requirements of Rule 23(a) and that the proposed class satisfies one of the subsections of Rule 23(b). *Siegel v. Shell Oil Co.,* 612 F.3d 932, 935 (7th Cir. 2010).

As the Seventh Circuit recently observed in *Beaton v. SpeedyPC Software*, 907 F.3d 1018 (7th Cir. 2018), "'certification is largely independent of the merits . . . and a certified class can go down in flames on the merits.'"[4] *Id.* at 1031 (quoting *Schleicher v. Wendt*, 618 F.3d 679, 685 (7th Cir. 2010)).

This case satisfies each of these requirements.

---

[4] As did the class in *Beley. See Beley v. City of Chicago*, 901 F.3d 823 (7th Cir. 2018) (affirming this Court's grant of summary judgment against the class).

### a. Numerosity

Rule 23(a)(1) requires that the proposed class must be "so numerous that joinder of all members is impracticable." The named plaintiff is not required "to specify the exact number of persons in the class," *Marcial v. Coronet Ins. Co.,* 880 F.2d 954, 957 (7th Cir. 1989), but must provide a reasonable estimate of the number of class members. *Miller v. Spring Valley Properties,* 202 F.R.D. 244, 247 (C.D.Ill. 2001). This rule is illustrated in *Phipps v. Sheriff of Cook County,* 249 F.R.D. 298 (N.D.Ill. 2008). There, the plaintiff had identified 12 class members. *Id.* at 300. The court concluded that this evidence supported the "sensible estimate" that the class would consist of more than fifty persons and thereby satisfied the numerosity requirement of Rule 23(a)(1). *Id.* The general rule is that a class of 40 satisfies the numerosity requirement of Rule 23(a)(1). *George v. Kraft Foods Global,* 270 F.R.D. 355, 365 (N.D.Ill. 2010).

In this case, defendant Dart produced a list of identifying more than two hundred individuals prescribed either a cane, crutch, or walker have been assigned to Division 10. This list was filed under seal as ECF No. 74, Exhibit 10, Pages 1-13. The proposed class therefore satisfies the numerosity requirement of Rule 23(a).

### b. Commonality

To satisfy the commonality requirement of Rule 23(a)(3), the "prospective class must articulate at least one common question that will

actually advance all of the class members' claims." *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 550 (7th Cir. 2016); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011).

Here, the common question is whether Division 10 must comply with UFAS for toilets and showers.

The plaintiff and the putative class all confront the same physical features when showering and toileting because the toilet and shower areas are identical. Indeed, a statement prepared by the Sheriff's ADA Compliance Officer concedes "Division 10 is a maximum security division with no ADA compliant housing." ECF No. 84-1 at 2, FY19 Business Case at 2.

This case (and *Lacy*) satisfy the commonality requirement because proceeding as a class will generate "common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original and internal quotation omitted). As in *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750 (7th Cir. 2014), "the plaintiffs' claims and those of the class they would like to represent all derive from a single course of conduct" by defendants. *Id.* at 756. This case therefore satisfies the commonality requirement of Rule 23(a)(2).

### c. Typicality

Typicality in Rule 23(a)(3) "is closely related question of commonality." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). A

"plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983). Although "[t]he typicality requirement may be satisfied even if there are factual distinctions between the claims of the names plaintiffs and those of other class members," the requirement "primarily directs the district court to focus on whether the names representatives' claims have the same essential characteristics as the claims of the class at large." *Id.*

Plaintiff's challenge in this case arises "from the same event or practice or course of conduct that gives rise to the claims of other class members and [his] claims are based on the same legal theory." *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 514 (7th Cir. 2006). The case therefore satisfies the typicality requirement of Rule 23(a)(3).

### d. Adequacy

Plaintiff and the putative class are represented by competent counsel and they will "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4). The named plaintiff is: (1) represented by competent counsel,[5] (2) has "a sufficient interest in the outcome of the

---

[5] Attorney Thomas G. Morrissey has been class counsel in several civil rights cases, including: *Hvorick v. Sheahan*, 92 C 7324 (Shadur, J.); *Watson v. Sheahan*, 94 C 6891 (Bucklo, J.); *Gary v. Sheahan*, 96 C 7294 (Coar, J.); *Thompson v. City of Chicago*, 01 C 6916 (Nolan, M.J.); *Bullock v. Sheahan*, 04 C 1051 (Bucklo, J.); *Jackson v. Sheriff*, 06 C 493 (Coar, J.); *Streeter v. Sheriff*, 08 C 732 (Castillo, C.J.); *Phipps v. Sheriff*, 07 C 3889

case to ensure vigorous advocacy, and (3) does not have interests antagonistic to those of the class." *Saltzman v. Pella Corp.* 257 F.R.D. 471, 480 (N.D.Ill. 2009). There can be no dispute that Bennett is substantially limited in the activity of moving from place to place because he is missing part of his leg. In addition, he faced the same shower and toilet conditions as similarly situated inmates. Plaintiff therefore satisfies the adequacy of representation requirement of Rule 23(a)(4).

### e. Rule 23(b)(3): Predominance and Superiority

"Analysis of predominance under Rule 23(b)(3) 'begins, of course, with the elements of the underlying cause of action.'" *Messner v. Northshore University Health Systems,* 669 F.3d 802, 815 (7th Cir. 2012), quoting *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S.Ct. 2179, 2184 (2011). The predominance requirement, although similar to questions of commonality and typicality, is more demanding than either of those Rule 23(a)(2) requirements. *Amchem Products, Inc.*, 521 U.S. at 623-24. When a proposed class challenges a uniform policy, as here, the validity of that policy tends to be the predominant issue in the litigation. *Streeter v. Sheriff*

---

(Bucklo, J.); *Parish v. Sheriff*, 07 C 4369 (Lee, J.); *Zaborowski v. Sheriff*, 08 C 6946 (St. Eve. J.); *Smentek v. Sheriff*, 09 C 529 (Lefkow, J.); *Lacy v. Sheriff*, 14 C 6259 (Gettleman, J.); *Beley v. City of Chicago*, 12 C 9714 (Blakey, J.); *Bell v. Sheriff*, 14 C 8059 (Castillo, J.); and *Whitney v. Khan*, 18-cv-4475 (Kennelly, J.).

Attorney Patrick W. Morrissey has been appointed class counsel in *Lacy v. Sheriff*, 14 C 6259 (Gettleman, J.), *Beley v. City of Chicago*, 12 C 9714 (Blakey, J.), and *Bell v. Sheriff*, 14 C 8059 (Castillo, J.); and *Whitney v. Khan*, 18-cv-4475 (Kennelly, J.).

*of Cook County*, 256 F.R.D. 609, 614 (N.D. Ill. 2009); *Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344, 352 (N.D.Ill. 2008).

"Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Connecticut Ret Plans & Trust Funds*, 133 S. Ct. 1184, 1191 (2013). Moreover, "the office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather it is to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'" *Id.* The method best suited to resolve the common questions at issue in this case is a class action.

Here, the claim of plaintiff and the putative class turns on the structural barriers in Division 10 concerning toilet and shower access and defendants' deliberate decision to assign disabled inmates to this building. These issues predominate over any individual issues.

This may be a case where "the defendant's liability can be determined on a class-wide basis, but aggregate damages cannot be established and there is no common method for determining individual damages." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 671 (7th Cir. 2015). "In this situation, courts often bifurcate the case into a liability phase and a damage phase." *Id. See e.g., Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 800 (7th Cir. 2013); *Carnegie v. Household International, Inc.*, 376

F.3d 656, 661 (7th Cir. 2004). These principals were recently applied by

another district judge in *Whitney v. Khan*, 330 F.R.D. 172 (N.D.Ill. 2018):

> Despite the need to individually determine whether each class
> member suffered from an objectively serious medical
> condition, the Court concludes that common questions would
> predominate as required under Rule 23(b)(3). Whitney
> has pointed out that two specific policies – understaffing of the
> RTU dental clinic and delegating scheduling responsibility to
> the dental assistants – have caused widespread delays in the
> provision of dental care that it alleges amounts to deliberate
> indifference. These policies are a "significant aspect of the
> case," *Kleen Prods.*, 831 F.3d at 925, and constitute a
> "common nucleus of operative facts and issues" shared by all
> the class members, *Beaton*, 907 F.3d at 1029. Whitney's
> proposed class therefore satisfies the predominance
> requirement notwithstanding the need for individualized proof
> of objective seriousness.

*Whitney*, 330 F.R.D. at 180. The same result is required here.

In addition to satisfying the predominance prong of Rule 23(b)(3), a

class action is superior to other methods for adjudicating the claims of the

members of the proposed class. The legality of defendants' decision to

assign physically disabled inmates to cells without grab bars near the toilet

should be resolved in "one fell swoop," *Mejdrech v. Met-Coil Systems

Corp.,* 319 F.3d 910, 911 (7th Cir. 2003). Whatever individual variations

there might be, "it is important not to let a quest for perfect evidence

become the enemy of good evidence." *Messner,* 669 F.3d at 808. A class

action is superior when, as here, "the judicial economy from consolidation

of separate claims outweighs any concern with possible inaccuracies from

their being lumped together in a single proceeding for decision by a single

judge or jury." *Mejdrech*, 319 F.3d at 911. This is real (and not just hypothetical) savings in the context of the factual and legal issues brought in this case, as at least four other cases have been filed in this District and already engendered overlapping factual and legal analysis. *See Polletta v. Dart*, 16-cv-9492 (Supplement to Complaint); *Zampini v. Dart*, 17-cv-8096; *Johnson v. Dart*, 18-cv-4074; *Curtis v. Dart*, 19-cv-2472. Accordingly, the Court should find plaintiff satisfies the requirements of Rule 23(b)(3).

## IV. Conclusion

For the reasons above stated, plaintiff requests that the Court order that this case proceed as a class action pursuant to Rule 23(b)(3).

Respectfully submitted,

/s/  Patrick W. Morrissey
Patrick W. Morrissey
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900

*Attorneys for Plaintiff*