IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Preston Bennett, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | 18-cv-4268 |
| *-vs-* | ) | |
| | ) | Judge Blakey |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Preston Bennett was detained at Cook County Jail in 2018. While incarcerated Bennett required auxiliary aids to move from place to place because of a right leg amputation above the knee. Bennett alleges his rights were violated because he was housed in various living units in Division 10 that did not comply with the structural standards required by the Rehabilitation Act. Bennett alleges defendants Dart and Cook County violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

### I.    Facts

Plaintiff Preston Bennett had his right leg amputated above the knee on September 1, 1996. Plaintiff's Statement of Material Facts (PSOMF) ¶ at 7. This injury substantially limits Bennett's ability to move from place to place.

Bennett was detained at Cook County Department of Corrections from March 29, 2018 to July 23, 2018. *Id.* at ¶¶ 8-9, 17-20. During this entire period Bennett was assigned to Division 10. *Id.*

Division 10 was built in 1991. *Id.* at ¶ 4. The division occupies a four story building. *Id.* at ¶ 5. Each floor is divided into two residential wings and each wing has two living units, with a total of four living units per floor and 16 overall. *Id.* at ¶ 6. None of the inmate shower areas have grab bars or a fixed bench. *Id.* at ¶ 10. Bennett also testified that none of the cell toilets nor the "dayroom" bathroom toilet made available to him contained grab bars. *Id.* at ¶ 23. Bennett testified it was difficult to shower and use the toilet in Division 10 due to structural barriers. *Id.* at ¶¶ 21, 24. He also complained to jail officials about a fall caused by a broken portable shower made available in Division 10. *Id.* at ¶ 25.

## II. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is not appropriate if there is a "genuine" dispute about a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Mere, "metaphysical doubt as to the

material facts" is not enough. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Plaintiff shows below that the undisputed facts require the grant of summary judgment on liability for his ADA claim.

### III.    The Statutory Framework

The Rehabilitation Act prohibits a "qualified individual with a disability act" from being "excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance" as a result of a disability. 29 U.S.C. § 794(a). The Rehabilitation Act's implementing regulations adopt the Uniform Accessibility Standards (UFAS), 28 C.F.R. § 42.522(b), found in 41 C.F.R. subpart 101-19.6. Section 42.522(b) provides that, "[e]ffective as of March 7, 1988, . . . construction[] or alteration of buildings" shall comply with UFAS.[1] UFAS requires an accessible toilet to have grab bars mounted near the toilet. UFAS § 4.17.6; *Flora v. Dart*, No. 15 C 1127, 2017 WL 2152392, at *4 (N.D. Ill. 2017) (Kennelly, J.) (vacated by agreement of the parties). UFAS also requires an accessible shower to have a mounted shower seat. UFAS § 4.21; *Flora*, 2017 WL 2152392, at *4.

To state a claim under the Rehabilitation Act, Bennett "need only allege that (1) he is a qualified person (2) with a disability and (3) the [correctional facility] denied him access to a program or activity because of

---

[1] The UFAS is available at https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-aba-standards/ufas (last visited Feb. 10, 2020).

his disability." *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012). And since relief under the Rehabilitation Act is "coextensive" with the ADA, *Jaros*, 684, F.3d at 671, Bennett also must prove deliberate indifference on the part of the defendants to obtain compensatory damages.[2] *Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018). Plaintiff shows below that he is entitled to summary judgment pertaining to inaccessible Division 10 bathrooms.

## IV. Barriers Presented by Division 10 Bathrooms Violated Rehabilitation Act

### A. Plaintiff is a qualified person with a disability

Disability includes the limitation of one or more major life activities, which include walking, standing, bending, and caring for oneself, *see* 42 U.S.C. § 12102(2)(A), all of which Bennett finds difficult because his is an above the knee amputee. Accordingly, there is no dispute that Bennett is a qualified person with a disability protected by the Rehabilitation Act.

### B. Plaintiff was denied services, programs, or activities because of his disability

A correctional facility may violate the Rehabilitation Act if it denies an inmate with a disability access to the facility's toilets and showers. *Jaros*, 684 F.3d at 672 ("[I]ncarceration is not a program or activity, the meals and showers made available to inmates are."). Indeed, access to "[a]dequate

---

[2] The analysis governing a claim under the ADA and Rehabilitation Act "is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds." *Jaros*, 684 F.3d at 671. This element is not disputed here. PSOMF ¶¶ 3, 29.

food and facilities to wash and use the toilet are among the minimal civilized measure of life's necessities that must be afforded to prisoners." *Id.* (internal quotation marks omitted).

As explained above, certain government facilities built after March 7, 1988 must comply with certain structural standards for toilets and showers set by UFAS. The structural standards are intended to eliminate physical barriers which the Seventh Circuit explained is one of the most obvious forms of discrimination. *Lacy*, 897 F.3d at 853 ("[p]erhaps the most obvious examples of such discrimination is when structural barriers prevent people with disabilities from accessing otherwise available public services").

Indeed, Cook County acknowledged the requirement to adhere to structural requirements for buildings constructed after 1988 in *Lacy v. Dart*, 14-cv-6259, PSOMF at ¶ 29, and the district court, after review of the submissions, found "[t]he parties agree that as of March 7, 1988, the Rehab Act required buildings constructed or renovated by a state or municipality to comply with UFAS. 28 C.F.R. 42.522(b)." *Lacy v. Dart*, No. 14-cv-6259, 2015 WL 5921810 at *2 (N.D. Ill. Oct. 8, 2015). There is no dispute that Bennett was unable to shower and toilet similar to nondisabled inmates because of inaccessible bathrooms. PSOMF at ¶¶ 21, 24-25.

And while the Regulation provides "[d]epartures from particular technical and scoping requirements of UFAS by the use of other methods are permitted where substantially equivalent or greater access to and

usability of the building is provided," 28 C.F.R. 42.522(b), as a matter of law defendants are unable to make this showing for Bennett. Defendants, at times, made available a portable chair for Bennett to use upon request. PSOMF at ¶¶ 11, 18, 22. The chair had a warning "MUST USE WITH ASSITANCE," but the undisputed evidence is neither the medical nor correctional staff assisted Division 10 inmates. PSOMF ¶¶ 13, 15-16. And Bennett notified jail officials of a fall while attempting to use the portable chair and the resulting physical injuries. PSOMF ¶ 25. The defendants' offer of a portable chair upon request "does not constitute equivalent access under the applicable regulations." *Clemons v. Dart*, 168 F.Supp.3d 1060, 1066 (N.D. Ill. March 9, 2019). Accordingly, the failure to comply with the Rehabilitation Act's structural standards violated plaintiff's rights.

### C. Defendants are liable for damages under the Rehabilitation Act

As explained above, to obtain compensatory damages a plaintiff must show "deliberate indifference on the part of the defendants" meaning "(1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood." *Lacy*, 897 F.3d at 862-63. The evidence in this case shows the defendants were required to provide Bennett toilets and showers that complied with UFAS. This did not occur.

Without question the defendants had knowledge of the requirements to comply with UFAS when the building was constructed in 1991. Rather than remedy the structural barriers in Division 10, the defendants offer Bennett and similarly situated inmates a portable chair that states it must be used with assistance. That the defendants provide no assistance to use this chair is evidence of deliberate indifference. Moreover, after Bennett fell using the portable shower chair in June 2018 the defendants continued to house him in the same inaccessible building. As another district judge aptly noted, "the Sheriff's offer of non-equivalent 'accommodations' does not suggest anything other than deliberate indifference." *Flora*, 2017 WL 2152392, at *7. No reasonable jury could find the defendants acted with anything other than deliberate indifference.

## V. Conclusion

It is therefore respectfully requested that the Court grant partial summary judgment in favor of plaintiff for the reasons previously advanced on his Rehabilitation Act claim.

Respectfully submitted,

/s/ Patrick W. Morrissey

Thomas G. Morrissey
Patrick W. Morrissey
10150 S. Western Ave., Rear Suite
Chicago, IL. 60643
(773) 233-7900

*Attorneys for Plaintiff*