**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PRESTON BENNETT, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS DART, *et al.*, <br><br> Defendants. | Case No. 18-cv-04268 <br><br> Judge John Robert Blakey |

## **MEMORANDUM OPINION AND ORDER**

This motion for class certification comes before this Court on remand from the Seventh Circuit. Based upon Plaintiff's representations to the Seventh Circuit and the Seventh Circuit's guidance, this Court grants Plaintiff's renewed motion for class certification. [107].

**I.     Procedural Background**[1]

On December 1, 2018, Plaintiff Preston Bennett filed his initial motion for class certification. [27]. In that motion, Plaintiff sought to certify the following class:

> All inmates housed in Division 10 at the Cook County Department of Corrections from June 27, 2016 to the date of entry of judgment, who were prescribed either a walker, crutch, or cane by the medical staff and were denied an accommodation for toileting and showering.

---

[1] This Court assumes familiarity with the factual background explained in its Memorandum Opinion and Order denying Plaintiff's first motion for class certification. [103]. This Court incorporates by reference the facts explained therein.

1

*Id*. at 1. This Court denied that motion. [103] at 1. At that point, Plaintiff maintained two alternative legal theories. One theory assumed that the Americans with Disabilities Act (the ADA) and Rehabilitation Act's (the Rehab Act) Structural Standards did not apply, in which case the lawfulness of Defendants' actions turned upon whether Defendants afforded the class reasonable accommodations. *Id*. at 5–6. Alternatively, Plaintiff argued that Division 10 must comply with the ADA and Rehab Act's Structural Standards, which require that Division 10 provide a grab bar for each accessible shower and toilet. *Id*.

This Court denied class certification for two reasons. First, this Court held that, as to the reasonable accommodation analysis, the class lacked commonality because the class included individuals of varying disabilities. *Id*. at 6. Additionally, this Court held that although the class might satisfy commonality if the Structural Standards theory controlled, this Court could not determine the legal question of whether the Structural Standards or the reasonable accommodation theory governed Division 10 prior to determining class certification without running afoul of the rule against one-way intervention. *Id*. at 8. Accordingly, this Court denied Plaintiff's motion without prejudice.

Plaintiff continued to pursue class certification and filed a renewed motion for class certification. [107]. He then redefined the class as: "All inmates assigned to Division 10 at the Cook County Department of Corrections from June 27, 2016 to the date of entry of judgment, prescribed a cane, crutch, or walker by a jail medical provider." *Id*. at 1. While Plaintiff dropped his reference to individuals "denied an

accommodation for toileting and showering," this Court nonetheless remained concerned that Plaintiff would continue to assert his reasonable accommodation theory on behalf of the class (which continued to lack commonality even as redefined) and/or would impermissibly seek to have this Court find that the Structural Standards controlled in conjunction with his motion for class certification. [119]. Accordingly, this Court denied Plaintiff's renewed motion as it determined Plaintiff's motion for class certification still remained contingent upon determining whether the Structural Standards applied. *Id.* at 1 ("But his renewed motion is still dependent upon this Court making 'a favorable ruling on the merits' of Plaintiff's claim that the Structural Standards govern.") (citing *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 (7th Cir. 2016)).

Plaintiff then appealed this ruling. Br. for App., *Bennett v. Dart*, 20-8005 (7th Cir. 2020). Upon review, the Seventh Circuit determined that Plaintiff's new class definition successfully avoided "all person-specific questions by contending that Division 10, which was constructed in 1992, violates" the Structural Standards. *Bennett v. Dart*, No. 20-8005, 2020 WL 1243233, at *1 (7th Cir. Mar. 16, 2020). The Seventh Circuit further explained that because Plaintiff's new class definition embedded a legal conclusion—that the Structural Standards control—the class would only prevail upon a successful application of the Structural Standards at summary judgment or trial. *Id.* Plaintiff also represented to the Seventh Circuit that he had now abandoned his reasonable accommodation analysis and, thus, his renewed motion for class certification only raised questions regarding the application of the

3

Structural Standards. Br. for Appellant, *Bennett v. Dart*, 20-8005, at 3 (7th Cir. 2020). Based upon Plaintiff's recent abandonment of his reasonable accommodation theory and because Plaintiff embedded his Structural Standards legal theory in his class definition, the Seventh Circuit instructed that this Court need not determine whether the Structural Standards apply at this stage. *Id.* Given Plaintiff's concession on appeal and following the guidance from the Seventh Circuit, this Court now reconsiders Plaintiff's motion and grants it, as set forth below.

**II.     Legal Standard**

Federal Rule of Civil Procedure 23 governs class action suits. Fed. R. Civ. P. 23. Courts must complete a two-step analysis when determining whether to grant a motion for class certification. First, plaintiffs must satisfy Rule 23(a)'s four requirements:

> (1) the class is so numerous that joinder of all members is impracticable (numerosity);
>
> (2) there are questions of law or fact common to the class (commonality);
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and
>
> (4) the representative parties will fairly and adequately protect the interests of the class (adequacy of representation).

*Lacy v. Cook Cty.*, 897 F.3d 847, 864 (7th Cir. 2018) (quoting Fed. R. Civ. P. 23(a)).

Second, plaintiffs must also satisfy one of Rule 23(b)'s conditions. *Id.* Here, Plaintiff seeks certification under Rule 23(b)(3), which requires both that common

4

questions predominate and that proceeding as a class remains superior to other ways of adjudicating the case. *Priddy v. Health Care Serv. Corp.*, 870 F.3d 657, 660 (7th Cir. 2017). Additionally, the Seventh Circuit instructs that a class must be "sufficiently definite that its members are ascertainable." *Lacy*, 897 F.3d at 864 (citing *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 493 (7th Cir. 2012)). The plaintiff bears the burden of proving, by a preponderance of the evidence, that certification should be granted. *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 373 (7th Cir. 2015).

### III. Analysis

Turning to the facts at hand, this Court begins by analyzing Rule 23(a)'s numerosity requirement. Numerosity exists when joining the class members constitutes an "extremely difficult and inconvenient" undertaking. *Pope v. Harvard Banschares, Inc.*, 240 F.R.D. 383, 387 (N.D. Ill. 2006) (quoting *Fields v. Maram*, No. 04 C 0174, 2004 WL 1879997, at *3 (N.D. Ill. Aug. 17, 2004)). Typically, a class of 40 members satisfies numerosity. *Id*. Here, Plaintiff identifies a list of over 200 potential class members assigned to Division 10 and prescribed a cane, crutch, or walker. [74]. The class contains far more than 40 individuals and, for that reason, joining the class members remains difficult and inconvenient. Accordingly, Plaintiff satisfies numerosity.

Next, commonality occurs when the "class possesses common questions of law or fact." *Oplchenski v. Parfums Givenchy, Inc.*, 254 F.R.D. 489, 495 (N.D. Ill. 2008). Because Plaintiff represented to the Seventh Circuit that his current class definition

5

remains viable only as to the Structural Standards, embedding that legal theory in the class definition, the renewed class now maintains sufficient commonality. The class satisfies commonality because under the Structural Standards analysis, the sole legal question concerns the legality Division 10's shower and toileting facilities. As the parties agree that all the class members need assistance using the shower and toileting facilities and that Division 10 does not comply with the Structural Standards, the legal question of whether the Structural Standards control will generate class wide answers and control resolution of this case. *Balderrama-Baca v. Clarence Davids & Co.*, 318 F.R.D. 603, 609–10 (N.D. Ill. 2017) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). For this reason, the class meets the commonality requirement.

Typicality requires the named plaintiff's claim to arise "from the same event or practice or course of conduct that gives rise to the claims of other class members" and that "his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (quoting *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). Given that Plaintiff's renewed class definition embeds his legal theory, [107] at 1, his claim remains based upon the same legal theory as the class. Because the claims of Plaintiff and the class depend upon the resolution of an identical question—whether Division 10 must comply with the Structural Standards—the class satisfies typicality. *Starr v. Chi. Cut Steakhouse, LLC*, 75 F. Supp. 3d 859, 873 (7th Cir. 2014).

To meet adequacy, Rule 23(a)'s final requirement, Plaintiff must show that he: (1) does not possess a conflicting or antagonistic interest to the class; (2) remains sufficiently interested in the case outcome to ensure vigorous advocacy; and (3) his counsel remains experienced, competent, and qualified to conduct this litigation. *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831, 837 (N.D. Ill. 2008). Defendants declined to challenge adequacy. [110]. Even if they had, Plaintiff sufficiently demonstrates adequacy. For example, Plaintiff ambulates with the help of crutches, [107] at 3, so he possesses the same interest as the class in seeing that Division 10 complies with the Structural Standards (if the law required it to do so). Moreover, as demonstrated by the recent appeal, Plaintiff and his counsel possess sufficient interest in vigorously litigating this case on behalf of the class. Plaintiff's counsel has also served as class counsel in other civil rights cases, *id.* at 8 n.5, and, thus, remain competent to try this case. Accordingly, this Court finds the Rule 23(a) requirements met.

Looking next at the ascertainability requirement, this Court notes that the class definition clearly defines the class members by objective criteria—i.e., all inmates assigned to Division 10, during a specific time period, whom Defendants prescribed a cane, crutch, or walker. *Id.* at 1. The objective nature of the class definition makes the class reasonably ascertainable. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015).

Finally, this Court considers whether Plaintiff's class satisfies one of Rule 23(b)'s conditions. Plaintiff accomplishes this task through the predominance

7

requirement. Predominance requires "that the legal or factual questions that qualify each class member's case as a genuine controversy are sufficiently cohesive to warrant adjudication by representation." *Langendorf v. Skinnygirl Cocktails, LLC*, 306 F.R.D. 574, 582 (N.D. Ill. 2014) (internal quotation marks omitted). Plaintiff satisfies this requirement because almost the entirety of the class case now turns upon a single legal question: whether the ADA and Rehab Act's Structural Standards apply to Division 10. This common question represents the critical aspect, if not the totality, of Plaintiff's case, thereby satisfying predominance. *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012). Additionally, Plaintiff also satisfies the superiority requirement. As the merits of Plaintiff's proposed class turn upon a single legal question, proceeding as a class achieves economies of time, effort, and expense and promotes uniformity of decision. *Wilkins v. Just Energy Grp., Inc.*, 308 F.R.D. 170, 190 (N.D. Ill. 2015).

## IV. Conclusion

For the reasons explained above, this Court grants Plaintiff's renewed motion for class certification [107]. All future dates and deadlines will be adjusted as necessary.

Dated: April 9, 2020

Entered:

_____
John Robert Blakey

United States District Judge