IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRESTON BENNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 18-cv-4268 |
| | ) |
| THOMAS DART, SHERIFF OF | ) Honorable Judge |
| COOK COUNTY (in his official | ) John Robert Blakey |
| capacity), AND COOK COUNTY, | ) |
| ILLINOIS, | ) |
| Defendants. | ) |
| | ) |

### DEFENDANTS' MOTION TO DECERTIFY PLAINTIFF'S CLASS

NOW COMES Defendants Thomas Dart, Sheriff of Cook County and Cook County (collectively "Defendants"), by and through their attorney Kimberly M. Foxx, State's Attorney of Cook County, through her Special Assistant State's Attorneys Johnson & Bell, Ltd., and move this Honorable Court to decertify Plaintiff's class under Federal Rule of Civil Procedure 23.

### INTRODUCTION

Plaintiff has proposed two different classes in this case. Plaintiff's first proposed class was "All inmates housed in Division 10 at the Cook County Department of Corrections from June 27, 2016 to the date of entry of judgment, who were prescribed either a walker, crutch, or cane by the medical staff and were denied an accommodation for toileting and showering." [Dkt. #27, p. 1]. On September 23, 2019, the Court rejected Plaintiff's first proposed class on two grounds. [Dkt. #103]. First, the Court held that "given the dissimilarities among the class members, Defendants' accommodation may or may not have been reasonable for any individual class member depending upon the nature and severity of that class member's disability." *Id.* at 6. Second, the Court held

1

that there may be commonality if the Court was to determine that the Americans with Disabilities Act ("ADA") and Rehabilitation Act's ("RA") Structural Standard's control, but the Court could not decide that at the class certification stage without violating the rule against one-way intervention. *Id*. at 7-8.

Plaintiff proposed a second class of "All inmates assigned to Division 10 at the Cook County Department of Corrections from June 27, 2016 to the date of entry of judgment, prescribed a cane, crutch, or walker by a jail medical provider." [Dkt. #107, p.1]. This class was similar to the first class but dropped the accommodation language. The Court held that this second proposed class still required the Court to run afoul of the rule against one-way intervention. [Dkt. #119]. Plaintiff appealed, arguing that the rule against one-way intervention did not prevent the Court from deciding whether the Structural Standards apply. The Seventh Circuit agreed, holding that "Bennett, by contrast, proposes a class that will win if the Standards apply (**and were violated, to detainees' detriment**) and otherwise will lose. [Dkt. #141, p. 3]. (emphasis added). The Seventh Circuit instructed the Court to further examine whether all applicable standards under Rule 23(a) and 23(b) had been met. *Id*.

The Court then granted class certification without deciding whether the Structural Standards apply, finding commonality because:

> [U]nder the Structural Standards analysis, the sole legal question concerns the legality Division 10's shower and toileting facilities. As the parties agree that all the class members need assistance using the shower and toileting facilities and that Division 10 does not comply with the Structural Standards, the legal question of whether the Structural Standards control will generate class wide answers and control resolution of this case.

[Dkt. #143, p. 6]. However, as the Seventh Circuit instructed, the sole legal question is *not* the legality of Division 10's shower and toileting facilities, but also whether, if those facilities violated

2

the Structural Standards, they did so to the detriment of all putative class members. [Dkt. #141, p. 3]. Further, the Parties do *not* agree that all class members need assistance using the shower and toileting facilities. In fact, in its first denial of class certification, the Court noted a lack of commonality among putative class members, citing "one putative class member with a knee injury who can stand pain-free if he receives shots." [Dkt. #103, p. 6]. Moreover, one of the very bases of Defendants' Motion for Summary Judgment is that Plaintiff, an above the knee amputee, was independent in showering and toileting, a statement with which Plaintiff's proposed expert agreed. [Dkt. #123, pp. 10-12]. The obvious dissimilarities in putative class members that the Court noted in its rejection of Plaintiff's first proposed class remain in the second proposed class.

Since the Court's grant of class certification, two developments further underscore the lack of commonality in Plaintiff's proposed class. First, several Division 10 inmates that Plaintiff may claim as part of the putative class have apparently coordinated their first grievance filings regarding showering accommodations several years after their admission to Cook County Jail and right around the time of the summary judgment briefings in this case. Some of these inmates had filed well over one hundred grievances but did not think to file a single grievance on showering accommodations until a year after their detainment in CCDOC. This further demonstrates lack of commonality because, as the Seventh Circuit noted, key to commonality is universal detriment to the detainees, and such extremely latent and coordinated grievance filings indicate lack of detriment. Second, Judge Shah's post-trial memorandum in *Bowers v. Dart, et al.*, No. 16-cv-2483, citing Seventh Circuit precedent, makes clear that people assigned assistive devices, even including wheelchairs, may not require any accommodation at all, including accommodations set forth by the Structural Standards. Ex. 1, Post-Trial Order in *Bowers v. Dart, et al.*, No. 16-cv-2483,

3

dated March 30, 2020. A true and correct copy of the Post-Trial Order in *Bowers v. Dart, et al.*, No. 16-cv-2483 is attached hereto as Exhibit 1.

A third reason why this class should be decertified, not based on new information but rather facts already in the record, is that there are countless reasons that a detainee may be assigned a cane, crutch, or walker. As Plaintiff makes clear in Exhibit 10 to his Reply in Support of his First Motion for Class Certification, many people in Plaintiff's class are prescribed canes, crutches, and walkers for long distance only, which means movement only outside of the building. [Dkt. #73]; Ex. 2, Deposition Transcript of Sabrina Rivero-Canchola, dated April 2, 2019, 143:18-145:3. These detainees do not require such devices for short distances, nor for showering and toileting. Plaintiff has offered no logical nexus that detainees who use assistive devices for long distance walking require compliance with the Structural Standards, and Plaintiff has therefore failed to demonstrate lack of compliance would be to their detriment.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 23(c)(1)(C), an "order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). "After granting certification, the court remains under a continuing obligation to review whether proceeding as a class action is appropriate. When a party moves to decertify a class, the party seeking class certification bears the burden of producing a record demonstrating the continued propriety of maintaining the class action." *Pietrzycki v. Heights Tower Serv., Inc.*, 290 F. Supp. 3d 822, 831 (N.D. Ill. 2017). (internal citations and quotations omitted).

To maintain a class action, "the proponent must affirmatively demonstrate compliance with Rule 23." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). The proponent "must not only be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or

4

fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a). The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 569 U.S. at 33.

To satisfy Rule 23(a)'s commonality requirement:

> the Supreme Court explained in *Wal–Mart* that **superficial common questions—like whether each class member… 'suffered a violation of the same provision of law'—are not enough. Rather, '[c]ommonality requires the plaintiffs to demonstrate that the class members 'have suffered the same injury.'** The class 'claims must depend upon a common contention,' and [t]hat common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

*Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 497 (7th Cir. 2012). (internal citations omitted). (emphasis added).

Even if a plaintiff passes the rigorous Rule 23(a) analysis, the plaintiff must still prove that it satisfies one of the Rule 23(b) provisions. In the instant case, Plaintiff seeks damages from Sheriff Dart and Cook County for himself and putative class members under Rule 23(b)(3) class certification. Courts certify 23(b)(3) classes only if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

## ARGUMENT

**I. PLAINTIFF ADMITS THAT THE ADA STRUCTURAL STANDARDS DO NOT APPLY, AND COMPLIANCE WITH UFAS IS A SUFFICIENT, BUT NOT NECESSARY CONDITION FOR REHABILITATION ACT COMPLIANCE.**

As a threshold matter, Plaintiff's entire class is premised on whether the Structural Standards ("UFAS") apply to this case. There is no dispute that Division 10 was constructed before

5

1992, and therefore the ADA Structural Standards are inapplicable. [Dkt. #127, p. 7; Dkt. #132, ¶¶12-16]. In their Response to Plaintiff's Motion for Summary Judgment, Defendants demonstrated that not only has Plaintiff failed to prove the applicability of the RA, but that the RA's regulations explicitly provide that compliance with UFAS is a sufficient, but not a necessary, condition for RA compliance. [Dkt. #129, pp. 3-6]. Thus, while the Court did not rule on whether the Structural Standards apply in its order granting class certification, Plaintiff bears the burden of proving that the Structural Standards apply, and Plaintiff has failed to meet that burden. *Comcast Corp.*, at 33.

## II. PLAINTIFF'S CLASS REMAINS BEREFT OF COMMONALITY, TYPICALITY, AND PREDOMINANCE.

To satisfy Rule 23's commonality requirement, "the Supreme Court explained in *Wal–Mart* that superficial common questions—like whether each class member… 'suffered a violation of the same provision of law'—are not enough. Rather, '[c]ommonality requires the plaintiffs to demonstrate that the class members 'have suffered the same injury.'" *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d at 497. (internal citations omitted). Indeed, in this very case, the Seventh Circuit instructed that the key inquiry is not only whether the Structural Standards apply, but whether they "were violated, to detainees' detriment." [Dkt. #141, p. 3]. The question Plaintiff asks, "whether the Structural Standards apply" is one of the superficial provisions of law that the Seventh Circuit prohibits from granting class status. Rather, for there to be commonality, Plaintiff must cite evidence that all Division 10 detainees who were assigned canes, crutches, or walkers suffered the same injury due to Division 10 not meeting the Structural Standards, if such standards even apply. Indeed, Plaintiff has not demonstrated that any class member has suffered any injury whatsoever because of a lack of grab bars or fixed bench, let alone that they have all suffered the same injury.

6

A. **Class members do not need assistance toileting and showering.**

In its order granting class certification, the Court wrote, "As the parties agree that all the class members need assistance using the shower and toileting facilities and that Division 10 does not comply with the Structural Standards, the legal question of whether the Structural Standards control will generate class wide answers and control resolution of this case." [Dkt. #143, p. 6]. Here, the Court was mistaken. Defendants demonstrated that no class member requires assistance toileting or showering in Division 10 because inmates who, unlike Plaintiff, cannot use a shower chair independently are not housed in Division 10. [Dkt. #124, ¶23]. Defendants further demonstrated that Plaintiff's own proposed expert stated that he could use a shower chair independently. [Dkt. #124, ¶28]. Beyond this, the Court did not account for its own initial denial of class certification, citing "one putative class member with a knee injury who can stand pain-free if he receives shots." [Dkt. #103, p. 6]. Nor did the Court account for its finding that "given the dissimilarities among the class members, Defendants' accommodation may or may not have been reasonable for any individual class member depending upon the nature and severity of that class member's disability." *Id*. Because the inquiry is whether detainees faced a detriment, the Court's finding applies equally to accommodations within or outside of the Structural Standards.

B. **Putative class members are now coordinating near-identical shower area grievances, sometimes years after their detainment.**

Perhaps most indicative of the lack of injury suffered by putative class members is that they have coordinated near-identical grievances that coincide with the timing of the dispositive motions and briefs filed in this case, and such grievances were filed years after any alleged injury would have been suffered. The parties' motions for summary judgment were filed on February 20,

7

2020. [Dkt. #123-127]. Responses to those motions were filed on March 13, 2020. [Dkt. #129-134].

Thadieus Goods was admitted to Cook County Jail on July 9, 2018. Ex. 3, Thadieus Goods' Bed Assignment List. A true and correct copy of Thadieus Goods' Bed Assignment List is attached hereto as Exhibit 3. He has been in Division 10 since February 21, 2019 and filed his first grievance in Division 10 on February 25, 2019. Ex. 3; Ex. 4, Thadieus Goods' Grievance List. A true and correct copy of Thadieus Goods' Grievance List is attached hereto as Exhibit 4. He did not file a grievance related to the shower facilities in Division 10 until March 6, 2020, which reads:

> This is a violation of the ADA Act, Cruel and unusual punishment, deliberate indifference to my serious medical needs which is violating my United States constitutional rights. I have a cane due to my knee injury and I as well as my entire tier was moved from 2A to 3A in Div. 10 and 3A don't have a handicap equipped shower like 2A and I have been on this 3A tier over one month voice my complaints and concerns. I already fell in the shower and injured my left knee and still haven't been sent to the ortho doctor and my knee is swollen with fluid on it. Please address this issue ASAP.

Ex. 4; Ex. 5, Thadieus Goods' Grievances, Grievance Control #202002666 (CCSAO BENNETT 002389-002390). True and correct copies of Thadieus Goods' grievances are attached hereto as Exhibit 5. Thadieus Goods filed this grievance while in Division 10-3A. Ex. 5, Grievance Control #202002666 (CCSAO BENNETT 002389-002390). <u>Thadieus Goods' sole medical alert is a long distance only cane</u>. Ex. 6, Division 10 Assistive Device List. A true and correct copy of the Division 10 Assistive Device List is attached hereto as Exhibit 6.

Stanley Cohen was admitted to Cook County Jail on April 20, 2018 and has been housed in Division 10 for the duration of his detainment. Ex. 7, Stanley's Cohen's Bed Assignment List. A true and correct copy of Stanley Cohen's Bed Assignment List is attached hereto as Exhibit 7. He filed his first grievance on May 19, 2018. Ex. 8, Stanley Cohen's Grievance List. A true and correct copy of Stanley Cohen's Grievance List is attached hereto as Exhibit 8. He has filed twenty

8

grievances, but did not file one related to showering until March 6, 2020 (the same day as Thadieus Goods' showering grievance), which reads:

> This is a violation of the ADA Act, Cruel and unusual punishment, deliberat indifference to my serious medical needs which is violating my United States constitutional rights. I have a cane due to my serious medical problem nerve damage in my feet from being a diabetic and back problems that's very serious as well as brain damage. This shower is not handicap equipped like the shower on 2A and I have problems standing for long periods of time they constantly deny me the shower chair and holding the wall make me slip sometimes without the rail in the shower. I'm in da…

Ex. 8; Ex. 9, Stanley Cohen Grievance Control #202002662 (CCSAO BENNETT 002433-002434). A true and correct of Stanley Cohen's Grievances are attached hereto as Exhibit 9. Stanley Cohen filed this grievance while in Division 10-3A. Ex. 9, Stanley Cohen Grievance Control #202002662 (CCSAO BENNETT 002433-002434).

Richard Johnson was admitted to Cook County Jail on December 24, 2019 and was housed in Division 10 from December 24, 2019 until March 27, 2020. Ex. 10, Richard Johnson's Bed Assignment List. A true and correct copy of Richard Johnson's Bed Assignment List is attached hereto as Exhibit 10. He filed his first grievance in Division 10 on February 19, 2020. Ex. 11, Richard Johnson's Grievance List. A true and correct copy of Richard Johnson's Grievance List is attached hereto as Exhibit 11. He did not file a grievance related to showering in Division 10 until March 6, 2020 (the same day as Thadieus Goods and Stanley Cohen's showering grievance), which reads:

> This is a violation of my United States Constitutional right under the ADA act cruel unusual punishment, deliberate indifference to my serious medical needs. I have a cane due to my medical condition and I can't stand for too long without the support of my cane and the shower area in this tier is not handicap equipped like the shower area on 2A and every time I ask for the shower chair I'm denied the use of it and holding that wall when I shower is very dangerous because I've already fallen once please fix the shower for handicap.

9

Ex. 12, Richard Johnson Grievance Control #202002661 (CCSAO BENNETT 002440-002441). A true and correct copy of Richard Johnson's grievances are attached hereto as Exhibit 12. <u>Richard Johnson does not have any medical alert for an assistive device</u>. Ex. 6, Division 10 Assistive Device List.

Donald Mascio has been an inmate in Cook County Jail since December 27, 2018 and was in Division 10 from November 26, 2019 until March 27, 2020. Ex. 13, Donald Mascio's Bed Assignment List. A true and correct copy of Donald Mascio's Bed Assignment List is attached hereto as Exhibit 13. From the time of his detainment until March 27, 2020, he filed approximately one hundred and fifty grievances. Ex. 14, Donald Mascio's Grievance List. A true and correct copy of Donald Mascio's Grievance List is attached hereto as Exhibit 14. He waited until February 24, 2020 to file a grievance related to the shower area, which reads "Complaint against Div. 10 1D for not having handrails so I do not slip and fall. I fell in the shower due to no handrails in the shower." Ex. 15, Donald Mascio Grievance Control #202002148 (CCSAO BENNETT 002723-002724). A true and correct copy of Donald Mascio's grievances are attached hereto as Exhibit 15. <u>Donald Mascio does not have any medical alert for an assistive device.</u> Ex. 6, Division 10 Assistive Device List.

The fact that these near-identical grievances were filed years after these detainees' detainment and their timing coincides with major deadlines in this case indicates that there is no commonality of injuries. If there were, grievances would have been filed long before the detainees coordinated them. Even if the Structural Standards apply, the standards were not violated to these detainees' detriment, as required to find commonality.

**C. Medical alerts for assistive devices do not equate to disabilities.**

The Structural Standards can only be violated to detainees' detriment if they actually have a disability that requires accommodation. Plaintiff's proposed class is inmates with canes, crutches,

10

and walkers. As Judge Shah recently observed, and as the Seventh Circuit has ruled, people prescribed assistive devices do not necessarily have a disability. While the ADA offers protections from discrimination even for those "regarded as" disabled, it does not follow that people prescribed an assistive device, or even those "regarded as" having a disability, are actually disabled and entitled to ADA accommodations:[1]

> The "regarded as" definition protects people that have been discriminated against "because of myths, fears and stereotypes associated with disabilities." Seventh Circuit Pattern Jury Instruction § 4.04, Comment G (quoting *Amadio v. Ford Motor Co.*, 238 F.3d 919, 925 (7th Cir. 2001)). It seeks to prevent the harmful effects of unfounded prejudices. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999) ("it is necessary that a covered entity entertain misperceptions about the individual")5; 29 C.F.R. § 1630.2(l). The statute is not intended to protect malingerers. **The Sheriff's office could have given Bowers a wheelchair even though it did not believe he was impaired, so the wheelchair prescription did not compel the jury to find Bowers disabled.** *See Cigan v. Chippewa Falls Sch. Dist.*, 388 F.3d 331, 335 (7th Cir. 2004) (if employers accommodate for other reasons, then the fact of accommodation does not support an inference that a given employer must have regarded a given employee as disabled).
>
> **Because the jury could reasonably find that Bowers was not disabled within the meaning of the ADA, he was not entitled to invoke the protections of that Act to seek damages for his placement in cells with inaccessible toilets, sinks, and showers, and the jury's verdict stands.** *See Weiler v. Household Fin. Corp.*, 101 F.3d 519, 523 (7th Cir. 1996); *Povey v. City of Jeffersonville, Ind.*, 697 F.3d 619, 624 (7th Cir. 2012) ("[h]aving failed to meet her burden to demonstrate that she was disabled under the ADA, Povey is not protected by its provisions"); *Powers v. USF Holland, Inc.*, 667 F.3d 815, 825 (7th Cir. 2011).
>
> For that reason, I do not reach the parties' arguments about whether a person "regarded as" having a disability is entitled to a reasonable accommodation or whether the evidence supported a finding that Bowers received equivalent access to facilities. *But see Powers v. USF Holland, Inc.*, 667 F.3d 815, 823 n.7 (7th Cir. 2011) (**"the**

---

[1] "The plaintiffs also filed suit under section 504 of the Rehabilitation Act. Because Title II was modeled after section 504, 'the elements of claims under the two provisions are nearly identical.' Therefore, absent circumstances not present here, we apply precedent under one statute to cases involving the other." *Lacy v. Cook Cty., Illinois*, 897 F.3d 847, 852 (7th Cir. 2018). (internal citations omitted).

> **ADAAA clarified that an individual 'regarded as' disabled (as opposed to actually disabled) is not entitled to a 'reasonable accommodation'"**); 42 U.S.C. 12201(h); see 28 C.F.R. § 35.151(c)(1); *Tennessee v. Lane*, 541 U.S. 509, 532 (2004); *Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018).

Ex. 1, Order in *Bowers v. Dart, et al.*, No. 16-cv-2483, pp. 6-7. Clearly, if inmates can be prescribed wheelchairs and not be disabled, they can be prescribed canes, crutches, and walkers and not be disabled. And if, according to the ADAAA and the Seventh Circuit, detainees "regarded as" disabled are not entitled to a reasonable accommodation, then *a fortiori* such detainees are not entitled to the strictures of the Structural Standards.

Plaintiff has put forth zero evidence that all class members (or even a majority) were actually disabled under the statutory definition for purposes of showering and toileting. In fact, as will be shown below, Plaintiff has actually put forth evidence indicating that many of his class members are *not* disabled for those purposes.

### D. Plaintiff's overly broad class includes hundreds of detainees prescribed assistive devices for long distance only, which is unrelated to difficulty toileting and showering.

Plaintiff's class includes all people in Division 10 who have been assigned canes, crutches, or walkers at any time, for any reason. Plaintiff attempted to prove numerosity with a document identifying hundreds of detainees in Division 10 assigned such devices for long distance purposes only. [Dkt. #73, Ex. 10]. An updated version of that document is exhibited here. Ex. 6. Even if a person has difficulty with one activity, such as traversing long distances, that person is not necessarily disabled in another activity, such as showering or toileting. This is both common sense and Seventh Circuit law.

Title II of the ADA provides "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines disability as a physical or mental impairment that substantially limits one or more major life activities. 42 U.S. Code § 12102. A person is "substantially limited" in a major life activity when he or she is significantly restricted as to the condition, manner, or duration under which he or she performs a particular major life activity compared to the average person in the general population. 29 C.F.R. § 1630.2(j)(4)(i-ii).

The term "'substantially limits,' like the other terms within the ADA, is interpreted strictly to create a demanding standard for qualifying as disabled." *Kupstas v. City of Greenwood*, 398 F.3d 609, 612 (7th Cir. 2005) "'[M]oderate difficulty or pain' does not rise to the level of a disability… plaintiff with 'visible and apparent' limp who had difficulties climbing stairs was not substantially limited in a major life activity." *Benedict v. Eau Claire Pub. Sch.*, 139 F.3d 901 (7th Cir. 1998). If a visible and apparent limp that results in difficulty climbing stairs does not demonstrate a disability in climbing stairs, then difficulty walking long distances surely does not entail a substantial limitation in showering or toileting.

"Whether a particular impairment substantially limits a major life activity is a case-specific, individualized inquiry." *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 781 (7th Cir. 2007). "The critical question in every case is what was the effect of the impairment on the life of the individual." *Cassimy v. Bd. of Educ. of Rockford Pub. Sch., Dist. No. 205*, 461 F.3d 932, 936 (7th Cir. 2006). Plaintiff instructs the Court that all people who have been assigned canes, crutches, or walkers only for long distance purposes somehow require shower and toilet accommodations. Plaintiff cites no evidence and provides no explanation for this jarring proposition. If Plaintiff, an above the knee amputee, was able to shower independently in Division 10, it is highly problematic for Plaintiff to argue that those with temporary alerts for long distance devices could not also do so.

The Seventh Circuit requires Plaintiff to causally connect the major life activity which is substantially limited and the accommodation sought. *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 785 (7th Cir. 2007). Plaintiff makes no effort to do this. Therefore, not only has Plaintiff failed to prove that all putative class members are qualified individuals with disabilities for purposes of this lawsuit, but Plaintiff's own evidence demonstrates that a vast sum of putative class members are *not* disabled for purposes of this lawsuit.

## **CONCLUSION**

In sum, the ADA Structural Standards are inapplicable in this case, and the RA does not require compliance with the Structural Standards. But even if Defendants were required to comply with the Structural Standards, the Seventh Circuit instructed this Court that Plaintiff can only win if the Standards apply *and* were violated to the detainees' detriment. The Seventh Circuit also holds that a class may only go forward if Plaintiff demonstrates that each detainee has suffered the same injury. In this case, putative class members demonstrate through their grievances that they did not suffer any alleged injury or detriment until, years after incarceration, they coordinated grievances complaining about the shower area. It is Plaintiff's burden to provide evidence demonstrating compliance with Rule 23. Yet Plaintiff has not offered any evidence that all class members are even disabled and thus require the accommodations sought. And even if all class members are disabled for one purpose, Plaintiff's own evidence demonstrates that they have unique disabilities, and Plaintiff offers no evidence that connects their impairments to the accommodations sought. There is no commonality, typicality, or predominance among class members. Plaintiff has failed to properly identify a class under Rule 23.

WHEREFORE, Defendants respectfully move this Honorable Court to decertify Plaintiff's class pursuant to Federal Rule of Civil Procedure 23(c)(1)(C).

                                              Respectfully submitted,

                                              KIMBERLY M. FOXX
                                              State's Attorney of Cook County

                                              */s/ Zachary A. Pestine*
                                              Special Assistant State's Attorney

Brian P. Gainer (gainerb@jbltd.com)
Monica Burkoth (burkothm@jbltd.com)
Jack E. Bentley (bentleyj@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Zachary A. Pestine (pestinez@jbltd.com)
Michael R. Sherer (shererm@jbltd.com)
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Tel: (312) 372-0770
Fax: (312) 372-9818